UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KELDA PRICE

CIVIL ACTION

VERSUS

PLANTATION MANAGEMENT COMPANY,
STERLING PLACE, KEVIN MILETELLO,
KIM WILLIAMSON, ROSA WALLACE

NO. 07-383-C

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment (Doc. No. 29) filed collectively by defendants, Plantation Management Company, Sterling Place, Kevin Miletello, Kim Williamson, and Rosa Wallace. Plaintiff, Kelda Price, has filed opposition (Doc. No. 30). Jurisdiction is based upon federal question,[1] as this case pertains to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"),[2] the Americans with Disabilities Act ("ADA"),[3] and 42 U.S.C. § 1981. The Court, having reviewed the record, the law, and the arguments of the parties, now concludes that the defendants' motion should be **GRANTED** for the following reasons.

---

[1] 28 U.S.C. §1331.

[2] 42 U.S.C.§2000e, *et seq.*

[3] 42 U.S.C. §12101, *et seq.*

Doc#1826

## BACKGROUND

Plaintiff began her employment at Sterling Place as a Certified Nursing Assistant on October 20, 2003. During her first day on the job, plaintiff acknowledged that she read the Sterling Place Employee Handbook.[4] The Handbook contained a policy which required an employee to give seven days notice in the event that a vacation was requested.[5] On June 30, 2006, plaintiff requested a vacation giving only two days of notice. Because Sterling Place had a policy requiring seven days notice of a vacation request, Price's vacation request was denied. Plaintiff had previously sent a handwritten letter to the Louisiana Commission on Human Rights ("LCHR") and the Equal Employment Opportunity Commission ("EEOC") on May 9, 2006, alleging that Sterling Place employees had not been allowed to take vacations or breaks, and that Certified Nursing Assistants were working with "12 or more patients when the law (state) require[d] 8."[6] On May 10, 2006, the EEOC enclosed charge questionnaires and instructed plaintiff to complete and return them by June 10, 2006. Meanwhile, the LCHR dismissed plaintiff's charges, noting that plaintiff failed to state a claim under any of the bases enforced by the Commission.[7]

---

[4] Record Document No. 29-10, Exhibit 8.

[5] Record Document No. 29-5, Exhibit 3, p. 4.

[6] Record Document No. 29-11, Exhibit 9.

[7] Record Document No. 29-14, Exhibit 12.

On July 14, 2006, the Director of Nursing at Sterling Place, Kim Williamson, issued and sent a policy to all nursing staff, which stated that an employee would be automatically terminated if the employee refused to aid a resident on the basis that the resident was not the employee's patient.[8] On August 17, 2006, plaintiff refused to assist a resident to the bathroom stating that the resident was not her patient. The resident reported plaintiff to Williamson. As a result of plaintiff's violation of the policy, plaintiff was counseled on August 21, 2006, and terminated on August 23, 2006.

On the date of her termination, plaintiff sent a charge questionnaire and supplemental intake questionnaire to the EEOC.[9] Within the questionnaires were statements that the patient involved in the August 17, 2006, incident made false claims against her, allegations of race and disability discrimination based upon differential pay and treatment of black employees, and claims of retaliation based upon plaintiff's May 9, 2006, EEOC and LCHR complaints.[10] The EEOC sent a letter on November 29, 2006, along with a completed charge in response to plaintiff's completed questionnaires.[11] The letter advised plaintiff that the charge must be "dated and signed in the bottom left corner" and that plaintiff must sign

---

[8] Record Document No. 29-17, Exhibit 15.

[9] Record Document No. 29-21 & 22, Exhibits 18 & 19.

[10] **Id.**

[11] Record Document No. 29-25, Exhibit 23.

and return the charge within thirty days from the date of the letter.[12] On December 7, 2006, the EEOC received plaintiff's response which added additional information to the charge but remained unsigned.[13] The charge was investigated by the EEOC and LCHR. On February 7, 2007, the LCHR noticed that the handwriting in the charge and supplemental intake questionnaires was similar to that found in a letter drafted by plaintiff's husband.[14] After interviews were conducted, LCHR advised plaintiff that her complaint was being dismissed "based on the evidence in the file which reveal[ed] that she did not write the additional information on the charge and did not sign the charge."[15] The EEOC advised plaintiff that she must send written documentation indicating that her husband was acting as her representative if the charge was to proceed any further.[16] No such documentation was sent by plaintiff and the EEOC dismissed plaintiff's charge on March 30, 2007.[17] Plaintiff filed suit in this Court on June 1, 2007, alleging violations of Title VII, the ADA, and 42 U.S.C. § 1981, for wrongful termination by defendants on the basis of race, disability, and retaliatory discrimination. Defendants filed a Motion for Summary Judgment alleging, *inter*

---

[12] Id.

[13] Record Document No. 29-26, Exhibit 24.

[14] Record Document No. 29-33, Exhibit 31.

[15] Record Document No. 29-34, Exhibit 32.

[16] Record Document No. 29-36, Exhibit 34.

[17] Record Document No. 29-35, Exhibit 33.

*alia*, that plaintiff's Title VII and ADA claims should be dismissed due to plaintiff's failure to properly verify her charge. Defendants further allege that plaintiff's 42 U.S.C. § 1981 claims should be dismissed because plaintiff failed to offer evidence proving that defendants' reason for her termination and denial of vacation time is a pretext for discrimination or retaliation.

## SUMMARY JUDGMENT

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[18]

The party seeking summary judgment bears the initial burden of setting forth the basis for its motion and identifying the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.[19] The moving party may discharge its burden by showing or pointing out to the court that there is an absence of evidence to support the non-moving party's case.[20] Once a proper motion has been made, the non-moving party may not rest upon mere allegations

---

[18] See Fed. R. Civ. P. 56(c).

[19] **Celotex Corp. v. Catrett**, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

[20] **Id.** at 325.

or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue of fact for trial.[21] The non-moving party must come forward with evidence which establishes each element for which that party bears the burden of proof at trial. Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial.

## ANALYSIS

### I. Title VII and ADA Claims

Before filing suit under Title VII or the ADA, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC.[22] 42 U.S.C. § 2000e-5(b) provides that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." Pertinent EEOC regulations state that a charge "shall be in writing and shall be verified,"[23] and define the term "verified" as "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury."[24] EEOC

---

[21] Id. at 322-23.

[22] See 42 U.S.C. § 12117(a).

[23] 29 C.F.R. § 1601.9.

[24] 29 C.F.R. § 1601.3(a).

regulations further authorize plaintiffs to amend their charges "to cure technical defects or omissions, including failure to verify the charge[s]," and provide that such amendments "will relate back to the date the charge was first received."[25] The verification requirement is designed to protect an employer from the filing of frivolous claims.[26]

Although the verification requirement seems strict in word, the Fifth Circuit has largely negated its sting. In **Price v. Southwestern Bell Tel. Co.**, 687 F.2d 74, 78 (5th Cir.1982), for example, the Fifth Circuit warned that employment discrimination charges must be construed "with the 'utmost liberality,' bearing in mind that such charges are generally prepared by laymen untutored in the rules of pleading." With this precept in mind, and focusing on the language of 29 C.F.R. § 1601.12(b), which provides that an employment discrimination charge "is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of[,]" the **Price** Court denied an employer's motion for summary judgment and found that there was a triable issue of fact as to whether the EEOC had waived the charge verification requirement where an employee submitted an unsigned and unsworn charge questionnaire.[27]

---

[25] 29 C.F.R. § 1601.12(b).

[26] See **Weeks v. Southern Bell Telephone & Telegraph Co.**, 408 F.2d 228 (5th Cir. 1969).

[27] **Price**, 687 F.2d at 78-79.

While so holding, the Court emphasized that plaintiff was not warned that the charge had not been verified until after the deadline to amend the charge had accrued.[28]

Considering the guidance set forth in **Price**, the instant plaintiff's failure to verify her charge after she was specifically instructed to date and sign it by the EEOC before the deadline to amend the charge had accrued cannot constitute a waiver of the verification requirement by the EEOC. The plaintiff in this suit was clearly aware of the consequences of failing to verify her charge and, unlike the plaintiff in **Price**, it was unreasonable for her to take no further action during the limitation period.[29] Therefore, plaintiff's failure to cooperate with the EEOC disentitles her to the sort of equitable relief afforded the plaintiff in **Price**.[30] An interpretation of **Price** which would allow a plaintiff to blatantly disregard the verification requirement would effectively render the text of 42 U.S.C. § 2000e-5(b) completely meaningless, and must therefore be rejected out of

---

[28] See **Id.** at 79 (noting that "absent evidence that [the EEOC specialist assigned to plaintiff's charge] previously informed [plaintiff] of any inadequacy, it would not be unreasonable for [plaintiff], unschooled in the law and without the aid of counsel, to take no further action during the limitation period in the belief that she had done that which was required of her").

[29] See **Buck v. Hampton Township School Dist.**, 452 F.3d 256, 264 (3rd Cir.2006) ("If, on the other hand, [plaintiff] declined to verify the charge even after receiving notice of the defect, a court could reasonably conclude that her charge was frivolous, and would be justified in dismissing any later suit. Under these circumstances, the purposes of the statute and the verification requirement would be served: [plaintiff] would not forfeit her rights inadvertently, and [her employer] would not be forced to respond to an unverified or frivolous charge.").

[30] See, e.g., **Forehand v. Florida State Hosp. at Chattahoochee**, 89 F.3d 1562, 1570 (11th Cir.1996) (holding that a Title VII plaintiff's failure to cooperate with the EEOC disentitled her to equitable relief).

hand.[31] Accordingly, the Court finds that plaintiff failed to exhaust her administrative remedies and dismisses her Title VII and ADA claims.

## II. Section 1981 Claims

Plaintiff asserts claims under 42 U.S.C. § 1981 based on racial discrimination and retaliation. Defendants contend that plaintiff has failed to prove the requisite elements in order to establish a prima facie case of racial discrimination and retaliation.

### A. Racial Discrimination

To establish a prima facie case of discrimination under § 1981, a plaintiff must show: (1) membership in a protected class; (2) that he was qualified for the position; (3) that he suffered an adverse employment action; and (4) that he was replaced by a person outside his protected class.[32] Once the plaintiff establishes a prima facie case, the burden then shifts to the employer to articulate "a legitimate, nondiscriminatory reason" for its employment action.[33] If the employer meets this burden, the plaintiff bears the final burden of proving that the

---

[31] A reading of the statute that ensures it has no application in the real world renders the statute meaningless and should therefore be rejected. See **Duncan v. Walker**, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) ("It is our duty 'to give effect, if possible, to every clause and word of a statute.' ... We are thus 'reluctant to treat statutory terms as surplusage' in any setting.") (quoting **Babbitt v. Sweet Home Chapter, Communities for Great Ore.**, 515 U.S. 687, 698, 115 S.Ct. 2407, 132 L.Ed.2d 597 (1995); **United States v. Menasche**, 348 U.S. 528, 538-39, 75 S.Ct. 513, 99 L.Ed. 615 (1955)).

[32] **DeCorte v. Jordan**, 497 F.3d 433, 437 (5th Cir.2007).

[33] **Id.**

employer's proffered reason is a pretext for discrimination - either through evidence of disparate treatment or by showing that the employer's explanation is false or unworthy of credence.[34] Defendants argue that plaintiff has failed to sufficiently establish the second, third, and fourth elements of her discrimination claim. Alternatively, defendants argue that they have set forth a legitimate, nondiscriminatory reason for its employment action and plaintiff has failed to offer evidence proving that defendants' reason is a pretext for discrimination.

Assuming, *arguendo*, that plaintiff had set forth sufficient facts to establish a prima facie case of discrimination under § 1981, the Court finds that defendants have offered a legitimate, nondiscriminatory reason for its employment action. Specifically, defendants contend that plaintiff violated a clearly established employment policy when she refused to aid a resident on the basis that the resident was not her patient. The record confirms that such a policy was established[35] and that plaintiff does not dispute violating that policy. Once defendants offered this reason, the burden then shifted to plaintiff to offer proof that her employer's proffered reason for her termination was a pretext for discrimination. Plaintiff has alleged no facts which would meet this burden, and thus her § 1981 discrimination claim must fail.

---

[34] **Laxton v. Gap Inc.**, 333 F.3d 572, 578 (5th Cir.2003).

[35] See Record Document No. 29-17, Exhibit 15.

## B. Retaliation

Plaintiff alleges that defendants retaliated against her after she filed EEOC and LCHR charges on May 9, 2006. Specifically, plaintiff complains of retaliatory discharge and retaliatory denial of vacation time.

To establish a prima facie case of retaliation, plaintiff must show that: (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the materially adverse action.[36] "If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate ... non-retaliatory reason for its employment action."[37] If the employer meets this burden of production, the plaintiff then bears the burden of proving that the employer's reason is a pretext for the actual retaliatory reason.[38]

As previously stated, even assuming that plaintiff could establish a prima facie case of retaliatory discharge, defendants have offered a legitimate, nondiscriminatory reason for terminating plaintiff and plaintiff has failed to offer facts which would suggest that defendants' reason is a pretext for the actual retaliatory reason. Therefore, plaintiff's § 1981 claim for retaliatory termination must be dismissed.

---

[36] See **McCoy v. City of Shreveport**, 492 F.3d 551, 557 (5th Cir.2007)

[37] **Id.**

[38] See **Id.**

Regarding plaintiff's § 1981 claim for retaliatory denial of vacation time, defendants contend that plaintiff's vacation request was initially denied because it was not in compliance with the vacation policy requiring seven days notice. The record reflects that the employee handbook contained a policy requiring employees to give seven days notice prior to taking vacation,[39] plaintiff received and verified that she read the handbook,[40] and that plaintiff gave two days notice of her intent to take a vacation.[41] Therefore, even assuming that plaintiff could establish a prima facie case, in the absence of facts which would suggest that defendants' reason is a pretext for the actual retaliatory reason, plaintiff's § 1981 claim for retaliatory denial of vacation time must fail as well.

Accordingly,

IT IS ORDERED that defendant's Motion for Summary Judgment (Doc. No. 29) is GRANTED.

Baton Rouge, Louisiana, this 27th day of December, 2010.

RALPH E. TYSON, JUDGE
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[39] Record Document No. 29-5, Exhibit 3, p. 4.

[40] Record Document No. 29-10, Exhibit 8.

[41] Record Document No. 29-29, Exhibit 27.